SARAH M. MARTIN *vs.* BOSTON ELEVATED RAILWAY COMPANY.
RALPH MARTIN *vs.* SAME.

Middlesex.   March 12, 1913. — May 21, 1913.

Present: RUGG, C. J., HAMMOND, LORING, SHELDON, & DE COURCY, JJ.

*Practice, Civil,* Exceptions.   *Negligence,* Street railway.

In an action by a woman against a corporation operating a street railway for personal injuries alleged to have been sustained by reason of the sudden starting of an open car of the defendant when the plaintiff as a passenger had got upon the running board and was attempting to enter the car, if there is evidence of negligence on the part of the conductor in giving the signal to start the car, but there is no evidence of negligence on the part of the motorman, and the judge erroneously refuses to rule at the request of the defendant that there is no evidence of negligence on the part of the motorman, whereupon

the jury return a general verdict for the plaintiff, upon a bill of exceptions which states no portion of the judge's charge and no special finding showing that the jury did not base their verdict on the alleged negligence of the motorman, it cannot be said that the erroneous refusal to give the ruling requested was a harmless error, and the exception to such refusal will be sustained.

Two ACTIONS OF TORT, the first by a married woman for injuries sustained by her on August 31, 1909, on Cambridge Street, in Cambridge, by the alleged negligent sudden starting of an open street railway car of the defendant when the plaintiff had boarded it as a passenger and was attempting to enter it, and the second action by the husband of the plaintiff in the first case for consequential damages. Writs dated September 16, 1909.

In the Superior Court the cases were tried together before *Sanderson*, J. The facts which could have been found upon the evidence are stated in the opinion.

At the close of the evidence the defendant asked the judge to make in each of the cases the following rulings:

"1. Upon all the evidence the plaintiff is not entitled to recover.

"2. There is no evidence of negligence on the part of the motorman.

"3. There is no evidence of negligence on the part of the conductor."

The judge refused to make any of these rulings.

At the end of the description of the accident by the plaintiff in the first action, which is stated in the opinion, she testified, "I don't remember how I landed in the street because it dazed me so, but when I fully recovered, I was on the sidewalk." She further testified "that when the car started, she lost her hold and she remembered going somehow this way into the street (indicating); that whether she touched her hands or not she could not remember, she was so dazed." The hypothetical question which is referred to in the opinion began with the words, "Thrown as she describes." The witness previously had testified that he had heard her testimony.

The jury returned a verdict for the plaintiff in the first case in the sum of $2,200 and a verdict for the plaintiff in the second case in the sum of $100. The defendant alleged exceptions.

*F. J. Carney,* for the defendant.

*F. P. Garland,* for the plaintiffs.

DE COURCY, J.   The first of these actions is for personal injuries received by Sarah M. Martin, hereinafter referred to as the plaintiff, by reason of the alleged sudden starting of a car of the defendant while she was boarding it.   The second action is brought by her husband to recover the expenses incurred for medical treatment.

The first and third rulings requested by the defendant were rightly refused.   Upon the testimony of the plaintiff and her sister the jury could find that after the car had stopped in response to her signal, and she had assisted her sister to a vacant seat, the plaintiff got up on the running board and attempted to raise the curtain so that she could enter the car; that she could not get it up and twice asked the conductor to raise it for her; that the conductor was looking at her, and while she had her hands on the curtain he said "All aboard" and gave two bells; and the car started with a sudden jerk, throwing her on to the street.

The defendant was entitled to the second ruling requested. The evidence that the car "started with a sudden jerk" of itself would not warrant a finding that the accident was due to the motorman's negligence.   *Work* v. *Boston Elevated Railway,* 207 Mass. 447.   This is conceded in the plaintiff's brief, in which it is stated that "there was abundant evidence of negligence on the part of the conductor in prematurely starting the car, and no claim was made by the plaintiff that the motorman was guilty of negligence in starting the car violently."   There is nothing in the record, however, to indicate that at the trial the plaintiff limited her claim against the defendant to the conductor's negligence. There was no special verdict as to the negligence of either the conductor or the motorman, and we have no means of knowing that the jury did not base their verdict on the alleged negligence of the latter.   Nor do we know what instructions were given to the jury on that issue, as no portion of the judge's charge is before us.   Under the circumstances we are unable to say that the refusal to give the second ruling requested was harmless error.

The hypothetical question put to the expert was admissible in the discretion of the presiding judge.   The plaintiff had indicated to the jury how she reached the ground, although she was unable to describe it in words, and the facts assumed in the question seem to be supported by the evidence.   When the defendant's counsel was asked to state specifically the ground of his

objection, either in substance or in form, he failed to do so. *Nolan* v. *Newton Street Railway,* 206 Mass. 384.

In consequence of the judge's refusal to give the second ruling requested by the defendant the entry must be

*Exceptions sustained.*